47 F.3d 1169
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
HEALTH COST CONTROLS, Plaintiff-Appellant,
v.
Irma WARDLOW, Stephen L. Hixson, Cuna Mutual Insurance
Company, and Farm Bureau Insurance Company,
Defendants-Appellees.
 No. 93-6071.
 United States Court of Appeals, Sixth Circuit.
 Feb. 14, 1995.
 
 Before: ENGEL, NORRIS and DAUGHTREY, Circuit Judges.
 MEMORANDUM OPINION
 PER CURIAM.
 
 
 1
 Plaintiff, Health Cost Controls, appeals from an order of the district court granting summary judgment to defendant, Irma Wardlow, in its lawsuit brought to recover from her payments made by Continental Assurance Company. The payments were made pursuant to her husband's health care plan and were for her medical treatment occasioned by a traffic accident. Plaintiff, Continental's collection agent, contends that Continental is entitled to reimbursement since the tortfeasor who caused defendant's injuries also paid for her medical expenses. The complaint sets out language that plaintiff alleges was in the Continental policy on the date of the accident that, according to plaintiff, entitles Continental to reimbursement.
 
 
 2
 The resolution of this appeal turns on whether the policy furnished to defendant included the reimbursement language. It is immaterial whether we apply the Kentucky statute relied upon by the district court or the ERISA provision found in 29 U.S.C. Sec. 1022(a)(1). Kentucky law requires that the limitation in coverage language relied upon by plaintiff be furnished to defendant. The ERISA provision, when read with the gloss supplied by ERISA case law, entitles an insured to rely upon the summary provided by the insurer if it conflicts with the master policy. Senkier v. Hartford Life & Accident Ins. Co., 948 F.2d 1050, 1051 (7th Cir.1991); Edwards v. State Farm Mut. Auto Ins. Co., 851 F.2d 134, 136 (6th Cir.1988).
 
 
 3
 While plaintiff submitted an affidavit in which it asserted that the limiting language was in the copy of the policy it had in its possession on the date of defendant's accident, plaintiff presented no summary judgment evidence that the policy it had provided to defendant states contained the language on which it relies. Defendant's attorney states in an affidavit that he inspected a copy of the policy that plaintiff furnished to defendant and that that copy did not contain the language upon which plaintiff relies.
 
 
 4
 Plaintiff failed to satisfy the summary judgment burden imposed upon it by the Celotex trilogy of cases and its progeny. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986); Street v. J.C. Bradford & Co., 886 F.2d 1472 (6th Cir.1989). The district court was therefore warranted in granting defendant's motion for summary judgment.
 
 
 5
 Accordingly, the judgment of the district court is affirmed.